# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JME EASH FARMS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO: 1:25-CV-00186 |
| RYDER INTEGRATED LOGISTICS INC., | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff, JME Eash Farms, Inc. ("Eash"), filed a Motion to Compel on September 17, 2025 respectfully requesting that the Court compel Defendant Ryder Integrated Logistics, Inc. ("Ryder") to answer Eash's Interrogatories and to produce documents and things responsive to Eash's Requests for Production. Eash files this Memorandum in Support of its Motion to Compel pursuant to N.D. Ind. L.R. 7-1(b)(3). According to Local Rule, Ryder should have until October 2, 2025, to respond.

### Introduction

Eash moves this Court for an order compelling Ryder to at least honor its minimum discovery obligations. So far, despite request by Eash, Ryder refused to provide anything at all before litigation, even though Eash produced an abundance of information and records to Ryder. After Eash voluntarily shared multiple rounds of records with Ryder, Ryder essentially told Eash that Eash would need to sue Ryder before Ryder would produce any information whatsoever.

Ryder finally disclosed in its Rule 26 Initial Disclosures that it is in possession of dashcam footage of the incident in question. No explanation was offered why this potentially

1

critical evidence was withheld or why Ryder refused to even disclose its existence until after Eash filed its Complaint. No explanation was offered as to why Ryder did not produce it along with its Initial Disclosures.

On August 7, 2025, several weeks after Ryder issued their own voluminous and far-reaching Requests, which attempted to impose obligations far beyond the limits of the Rules and in gross disproportionality to the matter at issue, Eash sent Interrogatories and Requests for Production to Ryder. True to the pattern of delay and obstruction displayed so far, Ryder has failed to respond to Eash's Requests in any way. Eash has attempted to communicate with Ryder regarding the deficiency, but Ryder has not participated in any conference, or even acknowledged receipt of the Requests.

Meanwhile, Eash complied with Ryder's discovery Requests and responded within the timeline established by the Trial Rules.

### Brief History of Salient Events and Communications

Since Ryder referred Eash to their attorney, Eash has been communicating with Ryder's counsel at [amfosnot@kopkalaw.com](amfosnot@kopkalaw.com).

On June 9, 2025, Ryder, by email from [amfosnot@kopkawlaw.com](amfosnot@kopkawlaw.com), served Eash with Ryder's Initial Disclosures, which states that Ryder has in its possession, "Video dash camera from Defendant."

On July 21, 2025, Ryder, by email from amfostnot@kopkalaw.com, served Eash Farms with Ryder's Interrogatories and Requests for Production.

On August 7, 2025, Eash served Ryder with Discovery Requests, including Interrogatories and Requests for Production, to Ryder by email to amfosnot@kopkalaw.com.

The Interrogatories and Requests for Production specified that Ryder was to answer within 30 days. Eash's August 7, 2025, email specified that responses were due "by September 8, 2025."

On August 20, 2025, Eash timely served Ryder with Responses to Ryder's Discovery Requests to Attorney Fosnot, to the same email address.

Also, on August 20, 2025, Attorney Fosnot advised she would pass Eash's discovery responses on to Attorney Ehrhardt, as he would be leaving the firm Kopka Pinkus Dolan, but keeping the case file for this case. Attorney Fosnot also advised she would soon withdraw from the case.

On August 21, 2025, Attorney Ehrhardt filed with the Court a change of contact information (Dkt. 21), including an updated email address at Thomas.ehrhardt@qpwblaw.com.

On September 5, 2025, Attorney Fosnot filed a Motion to Withdraw, stating that Ryder was adequately represented by Attorney Ehrhardt.

On September 9, 2025, Eash attempted to confer with Attorney Ehrhardt regarding the outstanding discovery requests from August 7. 2025. Upon sending an email to Thomas.ehrhardt@qpwblaw.com, Eash received an automated response indicating that Attorney Ehrhardt was unavailable that day due to a mediation.

On September 10, 2025, Eash again attempted to confer with Attorney Ehrhardt concerning the lack of any response to Eash's Discovery Requests. Eash asked about Ryder's

plan to answer Eash's Discovery Requests. Eash did not receive any response, even an automated response.

On September 16, 2025, Eash made another attempt to resolve the matter without the involvement of the Court, this time by phone call to the cell phone number included in Attorney Ehrhardt's September 9, 2025, automated email response.

Eash has received no reply communication from Ryder, even a refusal to conference.

Ryder has not responded to Eash's duly served Discovery Requests within the timeline established by the Trial Rules. Ryder has not requested more time to respond. Ryder has not provided any objections or moved to quash any of Eash's Requests.

**Points and Authorities**

Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information is relevant for purposes of Rule 26 'if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Ind. Materials Processing, LLC v. Tire Waste Transport, LLC,* 2015 U.S. Dist. LEXIS 48551, at *8 (N.D. Ind. April 14, 2015). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Rogers v. Quality Carriers, Inc.*, 2016 U.S. Dist. LEXIS 80868, at *6-7 (N.D. Ind. June 21, 2016).

Fed. R. Civ. P. 26 identifies the most basic information that should be produced even in the absence of a formal request. See *BWP Media USA Inc. v. Urbanity, LLC,* 696 F. App'x 795, 797, 2017 WL 2629128 (9th Cir. 2017). Ryder has identified potentially relevant dashcam

footage in its possession. Accordingly, there can be no valid objection to the production as requested. Ryder has acknowledged that such documents are discoverable, but has failed to produce any documents whatsoever nor provided a firm date by which such production will be made.

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 U.S. Dist. LEXIS 40761, 2009 WL 1325103, *21 (N.D. Ind. May 13, 2009). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478, 2009 WL 250401 (N.D. Ind. 2009).

A 2015 Amendment to Rule 34 requires that "production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). This amendment was enacted for the purpose of avoiding the delays in production common in litigation today. The committee notes go on to note that when "it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Committee Notes on Rules—2015 Amendment.

Request for Discovery Sanctions Pursuant to Rule 37(a): Rule 37 of the Federal Rules of Civil Procedure authorizes any party to apply for an order compelling discovery. Eash has taken all reasonable steps to obtain compliance with its outstanding discovery requests. As stated above, counsel for Eash has attempted to confer with counsel for Ryder on several occasions, but Eash is powerless to force Ryder to answer emails or phone calls. Eash, therefore, has no

alternative but to seek intervention by the Court to prevent Ryder from wasting even more time and resources.

Federal Rule of Civil Procedure 37(a) "allows the party who [brings] a motion to compel to recover the 'reasonable' expenses incurred in making the motion, including attorney's fees, if the Court grants the motion or if the disclosure is provided after the motion was filed." *Second Chance Body Armor, Inc. v. American Body Armor, Inc.*, 177 F.R.D. 633, 636, 1998 WL 7423 (N.D. Ill. 1998) (citing *Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir. 1994)). "When a court grants a motion to compel discovery, an award of reasonable expenses, including attorney's fees, should be made under Fed. R. Civ. P. 37(a)([5])(A)." *Harris v. Moorman's Inc.*, 2001 WL 238118, at *2 (S.D. Ind. 2001) (citation changed to reflect amendment to the Federal Rules)). See also *Johnson v. Federal Express Corp.*, 2002 WL 362753, at *4 (S.D. Ind. 2002) (Magistrate Judge recommended that the District Judge award the movant her attorney's fees in the amount of $3550 incurred in preparing and filing the motion to compel); *Rickels*, 33 F.3d at 786, 1994 WL 460597 ("Rule 37(a)(4) presumptively requires every loser to make good the victor's costs"). Where a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. *Johnson*, 2002 WL 362753, *3. See also *Alek v. University of Chicago Hospitals*, 2001 WL 1543518, *1 (N.D. Ill.2001).

For the reasons set out above, Ryder's efforts to shirk its discovery obligations – to avoid answering Eash's Interrogatories and to avoid producing documents responsive to Eash's First Request for the Production of Documents is not justified. Therefore, the Court should compel Ryder to provide answers to Eash's Interrogatories, compel Ryder to provide a full and complete production of documents, as well as award Eash its costs and its attorneys' fees for pursuing this

motion against Ryder. A reasonable estimate of the costs and attorney's fees unnecessarily expended in this matter to pursue discovery requests is approximately $5,000. A full accounting and final amount will be provided once this motion has been decided.

Respectfully submitted this 18th day of September, 2025.

s/ *Andrew J. Chabot*
Andrew J. Chabot (#34537-71)
achabot@bhlawyers.net
Michael D. Marston (#26875-71)
mmarston@bhlawyers.net
**BOTKIN & HALL, LLP**
1003 N. Hickory Road
South Bend, IN 46615
Tel: (574) 234-3900
Fax: (574) 236-2839
*Attorneys for Plaintiff, JME Eash Farms, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of September, 2025, he caused a true copy of the foregoing *Memorandum in Support of Plaintiff's Motion to Compel* to be served upon Defendant's attorney of record, via the Indiana E-Filing System (IN/EFS).

Thomas S. Ehrhardt
thomas.ehrhardt@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
100 North Michigan Street, Sixth Floor
South Bend, IN 46601

s/ *Andrew J. Chabot*
Andrew J. Chabot (#34537-71)