**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JME EASH FARMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO: 1:25-CV-00186-HAB-SLC |
| | ) | |
| RYDER INTEGRATED LOGISTICS | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RYDER INTEGRATED LOGISTICS, INC'S.
## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant, Ryder Integrated Logistics, Inc., by counsel, Thomas S. Ehrhardt and Quintairos, Prieto, Wood & Boyer, P.A., and respectfully submits its Response to Plaintiff's Motion to Compel.

Defendant files its Response to Plaintiff's Motion to Compel to provide further clarification of the discovery timeline in this matter and defense counsel's good-faith efforts to respond to written discovery on behalf of Ryder Integrated Logistics, Inc. in support of its request for additional time. In support thereof, Defendant states as follows:

1.  N.D. Ind. L.R. 37-1(a) requires:

    "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action."

2.  The certification must include:

    a.  The date, time, and place of any conference or attempted conference; and

    b.  The names of the parties participating in the conference. N.D. Ind. L.R. 37-1(a).

3. N.D. Ind. L.R. 37-1(b) provides the court with discretion to deny any motion if the required certification is not filed.

4. Fed. R. Civ. P. 26(f)(1) states, in pertinent part, that "the parties must confer as soon as practicable."

5. According to Fed. R. Civ. P. 26(f)(2):

> "In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."

6. Here, the parties submitted a Report of Parties' Planning Meeting on May 12, 2025. Dkt. #14.

7. In accordance with Fed. R. Civ. P. 16, a Preliminary Pretrial Conference was held on May 15, 2025, at which time the Report of Parties' Planning Meeting was discussed. Dkt. #16.

8. Pursuant to the Court's Scheduling Order, the last date to complete all fact and expert discovery is May 11, 2026. Dkt. #16.

9. On August 7, 2025, Plaintiff served its First Set of Interrogatories and Requests for Production of Documents on Defendant.

10. Defendant's responses were due on September 8, 2025.

11. Plaintiff filed its Motion to Compel nine (9) days later on September 17, 2025.

12. In the Motion to Compel, Plaintiff's counsel indicates that he sent two emails and one phone call to the undersigned. Plaintiff acknowledges that a 26(f) discovery conference did not take place prior to filing the Motion to Compel.

13. By way of further background, the undersigned submitted his resignation from his prior law firm on August 1, 2025, and recently joined the law firm of Quintairos, Prieto, Wood & Boyer, P.A.

14. Former defense counsel in this case, Alyson Fosnot, filed her Motion to Withdraw on or about September 5, 2025.

15. The undersigned has not had sufficient time to review and assist his client with responding to the Plaintiff's discovery requests, to include 18 Interrogatories and 73 Requests for Production of Documents.

16. Defendant respectfully requests the Court use its discretion in ruling upon discovery matters and grant the defense an extension in the amount of thirty (30) days to provide full and complete responses to the outstanding written discovery requests issued by Plaintiff to Defendant.

17. Fact discovery remains open until May 11, 2026 and Plaintiff will not suffer any prejudice from a thirty-day extension.

18. Defendant therefore requests that the Court enter an order requiring that Defendant provide its responses to the pending written discovery within thirty (30) days of the date of the Court's order.

19. Defendant further requests that the Court enter an order denying Plaintiff's request for attorney fees and costs.

20. Defendant does not bring this Response to the Plaintiff's Motion to Compel for purpose of bad faith or delay.

WHEREFORE, Defendant, Ryder Integrated Logistics, Inc., by counsel, respectfully requests that the Court enter an order denying Plaintiff's Motion to Compel, including the Plaintiff's request for attorney fees and costs, while requiring that Defendant provide its responses to the pending written discovery within thirty (30) days of the date of the Court's order, and for all other relief that the Court finds just under the circumstances.

Respectfully submitted,

*/s/ Thomas S. Ehrhardt*
Thomas S. Ehrhardt (#18621-45)
Attorney for Defendant

Quintairos, Prieto, Wood & Boyer, P.A.
9111 Broadway, Suite RR #2
Merrillville, IN 46410
Tel:    (219) 387-0090
Fax:    (219) 387-0091
Email: Thomas.Ehrhardt@qpwblaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on the 1st day of October, 2025, a true and correct copy of the foregoing was electronically served upon the following using the Court's CM/ECF filing system.

Andrew Chabot,
BOTKIN & HALL LLP
achabot@bhlawyers.net

*/s/ Thomas S. Ehrhardt*