# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JME EASH FARMS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO: 1:25-cv-00186-HAB-ALT |
| RYDER INTEGRATED LOGISTICS INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL**

Plaintiff, JME EASH FARMS, INC. ("Eash Farms"), by and through Counsel, Andrew J. Chabot, files its Reply to Defendant's Response to Motion to Compel and states the following:

1. Plaintiff maintains that Defendant's proposed course of action remains prejudicial to Plaintiff.

    a. Defendant is asking for almost 60 additional days from the due date before they produce anything at all.

    b. Delay is inherently prejudicial to the Plaintiff in this case because they are trying to be made whole for damages already incurred.

    c. Drafting and filing a Motion to Compel is itself a consumption of resources, which is why Trial Rule 37(a)(5) specifically details that providing the requested discovery after the Motion merits attorney fees. Rule 37 is designed to incentivize the parties and their attorneys to cooperate so that Motions to Compel are not necessary.

1

    d. The Court encouraged the parties to directly negotiate, but Plaintiff has been inherently disadvantaged in these negotiations because they have complied with their duties under the Discovery Rules, while Defendant has not.

2. Plaintiff maintains that it made reasonable efforts to confer with Defendant before filing its Motion to Compel.

    a. Plaintiff already filed a Certificate with the Court on September 17, 2025, as required.

    b. Attorney Fosnot acknowledged receipt of the written discovery Requests on August 7, 2025.

    c. On September 9, 2025, Plaintiff's Attorney re-sent copies of the Discovery Requests to Attorney Ehrhardt's new email address and asked about Defendant's plan to address the outstanding Requests.

    d. Plaintiff's Attorney followed up the next day with another email.

    e. Plaintiff also attempted to reach Defendant's Attorney Ehrhardt at his old firm email address.

    f. Plaintiff also reached out by phone to Defendant's Attorney.

    g. Defendant's Attorney did not respond. Defendant did not seek an extension. Defendant did not give any indication that they intended to make any effort to respond to Plaintiff's Discovery Requests. In fact, Defendant did not communicate with Plaintiff at all.

    h. Defendant has not identified what other efforts Plaintiff should have taken to initiate a conference before seeking the Court's assistance. Defendant's failure to communicate made conference impossible.

3. Plaintiff maintains that Defendant should be required to pay Plaintiff's costs and fees for this Motion.

    a. Federal Rule of Civil Procedure 37(a)(5) prescribes that the Court *must* require the party and/or their attorneys to pay the "reasonable expenses incurred in making the motion, including attorney fees."

    b. The rule goes on to detail three instances where the Court must not order this payment if:

        i. The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (*See Above*)

        ii. The opposing party's nondisclosure, response, or objection was substantially justified (not applicable); or

        iii. Other circumstances make an award of expenses unjust.

    c. Defendant has not identified any circumstances that would make an award of expenses unjust.

        i. Attorney Ehrhardt's Notice of Change of Address and Firm Affiliation was filed with the Court August 21, 2025, well after Plaintiff's Discovery Requests were served on Defendant. On September 5, 2025, Defendant's Attorney Fosnot filed a Motion to Withdraw and represented that Attorney Ehrhardt was in a position to represent Defendant in this case.

        ii. To the extent that Defendant's attorneys failed to coordinate or keep each other informed of deadlines, Plaintiff should not be forced to incur expenses as a result.

      iii. To the extent that Defendant and Defendant's attorneys failed to coordinate with each other, Plaintiff should not be forced to incur expenses as a result.

WHEREFORE, Plaintiff maintains that its Motion to Compel was necessary and made for proper reason and asks that the Court grant the requested relief, along with all other relief the Court may find just and proper in the premises.

Respectfully submitted this 3rd day of October, 2025.

      s/ *Andrew J. Chabot*
      Andrew J. Chabot (#34537-71)
      achabot@bhlawyers.net
      Michael D. Marston (#26875-71)
      mmarston@bhlawyers.net
      **BOTKIN & HALL, LLP**
      1003 N. Hickory Road
      South Bend, IN 46615
      Tel: (574) 234-3900
      Fax: (574) 236-2839
      *Attorneys for Plaintiff, JME Eash Farms, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that on the 3rd day of October, 2025, a true and correct copy of the foregoing was electronically served upon the following via the Court's CM/ECF filing system.

Thomas S. Ehrhardt
Thomas.Ehrhardt@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
9111 Broadway, Suite RR #2
Merrillville, IN 46410

      s/ *Andrew J. Chabot*
      Andrew J. Chabot (#34537-71)