# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JME EASH FARMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25-cv-00186-HAB-ALT ) |
| RYDER INTEGRATED LOGISTICS, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

On September 17, 2025, Plaintiff filed its motion to compel to address Defendant's incomplete answers to interrogatories and requests for production. (ECF 24, 26). After the filing of Defendant's response (ECF 27), and Plaintiff's reply (ECF 28), on October 14, 2025, this Court held a hearing on the motion to compel (ECF 31). After hearing oral argument on the motion, the Court granted Plaintiff's motion to compel and afforded Plaintiff to and including November 7, 2025, to file its motion for attorney fees. (ECF 31).

Now before the Court is Plaintiff's motion for attorney fees (ECF 32) filed on November 7, 2025, by its attorneys, Andrew J. Chabot and Michael D. Marston. On December 5, 2025, Defendant filed its response, arguing only that the motion is moot because Defendant has produced the discovery at issue in the motion to compel as directed by the Court. (ECF 36). Plaintiff then filed a reply on December 8, 2025. (ECF 40). For the following reasons, the Court will grant Plaintiff's motion for attorney fees (ECF 32).

Federal Rule of Civil Procedure 37(a) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> . . . .
>
> (5) *Payment of Expenses; Protective Orders*.
>
> > (A) . . . If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> >
> > > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > >
> > > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > >
> > > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs . . . ." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless it establishes "that [its] position was substantially justified." *Id.* at 786-87.

In this case, Plaintiff's counsel spent 17.2 hours pursuing the motion to compel, incurring fees totaling $4,949.00. (ECF 32). Defendant does not challenge the number of hours billed by Plaintiff's counsel or the hourly rate applied. Rather, Defendant argues that Plaintiff's request for

attorney fees is moot since Defendant has now complied with the Court's order to produce the responsive discovery materials (ECF 31).

However, producing discovery only after the Court has granted a motion to compel does not make Plaintiff's request for attorney fees moot. Such an argument is completely antithetical to Federal Rule of Civil Procedure 37(a). The rule clearly states that if the motion to compel is granted, the court *must* require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses, including attorney fees, incurred in making the motion. *See* Fed. R. Civ. P. 37(a). Whether or not Defendant subsequently complied with the Court's order to produce discovery is not at issue. What does matter is the circumstances of that production, namely if Plaintiff needed to expend resources and involve the Court to achieve production. Here, Defendant's conduct fits squarely within the bounds of Rule 37(a), given it only produced discovery after the filing of the motion and briefs, discussion at a hearing, and the Court's order requiring production. Thus, the Court must require Defendant to pay Plaintiff's reasonable expenses, including attorney fees.

Plaintiff's motion for attorney fees (ECF 32), is GRANTED. Defendant is ORDERED to pay Plaintiff's counsel $4,949.00 within 30 days of this Order.

SO ORDERED.

Entered this 9th day of December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge